UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____    :
TRISTAR PRODUCTS, INC. et al.,      :        Civil Action No. 13-7752 (ES)(MAH)
                                    :
            Plaintiffs,             :
                                    :
        v.                          :
                                    :
NATIONAL EXPRESS, INC. et al.,      :
                                    :
            Defendants.             :
_____    :
                                    :
TELEBRANDS CORP.,                   :
                                    :
            Plaintiff,              :        Civil Action No. 15-3163 (ES) (MAH)
                                    :
        v.                          :
                                    :
RAGNER TECHNOLOGY                   :
CORPORATION, et al.,                :
                                    :
            Defendants.             :
_____    :
                                    :
RAGNER TECHNOLOGY                   :
CORPORATION, et al.,                :
                                    :
            Plaintiffs,             :        Civil Action No. 15-8185 (ES) (MAH)
                                    :
        v.                          :
                                    :
TELEBANDS CORPORATION,              :
                                    :
            Defendant.              :
_____    :

_____
                                          :
TELEBRANDS CORP.,                         :
                                          :
                    Plaintiff,            :      Civil Action No. 16-3594 (ES) (SCM)
                                          :
        v.                                :
                                          :
RAGNER TECHNOLOGY                         :
CORPORATION, et al.,                      :
                                          :
                    Defendants.           :
_____  :
                                          :
TELEBRANDS CORP.,                         :
                                          :
                    Plaintiff,            :      Civil Action No. 16-3474 (ES) (MAH)
                                          :
        v.                                :
                                          :
RAGNER TECHNOLOGY                         :      ORDER
CORPORATION, et. al.,                     :
                                          :
                    Defendants.           :
_____  :

This matter having come before the Court on the motions of Edward Bakos, Esq. ["the movant"] of the law firm Bakos & Kritzer, attorneys for Tristar Products, Inc. and Ragner Technology Corporation [collectively, "Plaintiffs"], for the pro hac vice admission of J. Steven Baughman, Esq., Megan F. Raymond, Esq., Kevin J. Post, Esq., Matthew J. Rizzolo, Esq., and James R. Batchelder, Esq. [collectively, "counsel"], pursuant to L. Civ. R. 101.1;

and the Court having considered the submissions in support of the motions in *Tristar Products, Inc. v. National Express, Inc.*, Civ. No. 2:13-7752-ES-MAH, D.E. 155, 156, 161, 162, 163, 164, 170; *Telebrands Corp. v. Ragner Technology Corp.*, Civ. No. 2:15-3163–ES-MAH, D.E. 53, 54, 57, 58, 59, 60, 66; *Ragner Technology Corp.* v. *Telebrands Corp.,* Civ. No. 2:15-

8185-ES-MAH, D.E. 66, 67, 70, 71, 72, 73, 80; *Telebrands Corp. v. Ragner Technology Corp. et al.*, Civ. No. 2:16-3474-ES-MAH, D.E. 33, 34, 37, 38, 39, 40, 47; *Telebrands Corp. v. Ragner Technology Corp. et al.*, Civ. No. 2:16-3594-ES-MAH, D.E. 43, 44, 47, 48, 49, 50, 57;

and the Court having received, and considered, opposition to these motions in *Tristar Products, Inc. v. National Express, Inc.*, Civ. No. 2:13-7752-ES-MAH, D.E. 160, 169; *Telebrands Corp. v. Ragner Technology Corp.*, Civ. No. 2:15-3163–ES-MAH, D.E. 56, 65; *Ragner Technology Corp.* v. *Telebrands Corp.,* Civ. No. 2:15-8185-ES-MAH, D.E. 69, 79; *Telebrands Corp. v. Ragner Technology Corp. et al.*, Civ. No. 2:16-3474-ES-MAH, D.E. 36, 46; *Telebrands Corp. v. Ragner Technology Corp. et al.*, Civ. No. 2:16-3594-ES-MAH, D.E. 46, 56;

and Telebrands Corp., National Express, Inc., E. Mishan and Sons, Inc. and DAP Products, Inc. [collectively, "Defendants"], having opposed the motion for pro hac vice admission of J. Steven Baughman, Esq., pursuant to RPC 3.7(a) on the grounds that "Mr. Baughman will be a necessary witness with respect to the prosecution of the '076 patent and the fraud committed on the Patent Office therein,"[1] Brief in Opposition, Dec. 4, 2017, D.E. 160, p. 7;[2]

---

[1]  Defendants argue that Mr. Baughman will be a necessary fact witness because he entered an appearance in the reexamination proceedings before the United States Patent and Trademark Office and submitted briefs on Ragner's behalf to the Patent Trial and Appeal Board ("PTAB"). Brief in Opposition, Dec. 4, 2017, D.E. 160, p. 2-3.  Defendants expect that they will need to depose Mr. Baughman during this litigation because Judge Salas ordered the deposition of another attorney who was involved in the prosecution of the '076 patent.  *Id.* at 3.  Defendants also assert that Mr. Baughman will be a necessary witness at trial because his "submissions to the Patent Office in connection with the reexamination of the '076 patent perpetuated the fraud committed on the Patent Office and included additional misleading and fraudulent statements in the reexamination proceedings to overcome the reexamination examiner's rejections."  *Id.* at 4.

[2]  For ease of reference all citations to the parties' briefs will be to the documents in the earliest case, *Tristar Products, Inc. v. National Express, Inc.*, Civ. No. 2:13-7752-ES-MAH.

and Defendants having opposed the motion for pro hac vice admission of Megan F. Raymond, Esq., because Ms. Raymond works for Mr. Baughman and Defendants plan to seek discovery to determine "the extent of Ms. Raymond's involvement in that prosecution and fraud committed on the Patent Office," *Id.*;

and Defendants having opposed the motions for pro hac vice admission of Kevin J. Post, Esq., Matthew J. Rizzolo, Esq., and James R. Batchelder, Esq., attorneys with the Ropes & Gray LLP law firm, because Mr. Baughman participated in the reexamination proceedings while he was still at the Ropes & Gray firm and "probably other members of the law firm of Ropes & Gray will need to be deposed in connection with the prosecution of the reexamination of the '076 patent," Memorandum in Opposition, Jan. 2, 2018, D.E. 169, p. 3;[3]

and Plaintiffs arguing that Ms. Raymond, Mr. Post, Mr. Rizzolo, and Mr. Batchelder should all be admitted because none of them was involved in the prosecution of or the reexamination of the '076 patent, Reply Brief, Dec. 11, 2017, D.E. 161, p. 5; Reply Brief, Jan. 9, 2018, D.E. 170, p. 2;[4]

and Plaintiffs also arguing that Mr. Baughman should be admitted because Defendants' argument that Mr. Baughman's brief to the PTAB contained fraudulent statements is unsupported, and that even if Mr. Baughman were a proper witness at trial, Rule of Processional

---

[3] Mr. Baughman changed law firms during the reexamination proceedings and is now with Paul, Weiss, Rifkind, Wharton & Garrison LLP.

[4] Ms. Raymond, Mr. Post, Mr. Rizzolo, and Mr. Batchelder all submit declarations, confirming that they were involved in neither the prosecution nor reexamination of the '076 patent. Declaration of Ms. Raymond, D.E. 161-1, ¶¶ 3, 4; Declaration of Mr. Post, D.E. 170-1, ¶¶ 4, 5; Declaration of Mr. Rizzolo, D.E. 170-2, ¶¶ 3, 4; Declaration of Mr. Batchelder, D.E. 170-3, ¶¶ 4, 5.

Conduct 3.7(a) would not preclude him from representing Plaintiffs before the trial, Reply Brief, Dec. 11, 2017, D.E. 161, p. 11;

and the Court noting that Local Civil Rule 101.1(c) governs the pro hac vice admission of attorneys in this district, and provides: "[a]ny member in good standing of the bar of any court of the United States or of the highest court of any state, who is not under suspension or disbarment by any court and is ineligible for admission to the bar of this Court under L. Civ. R. 101.1(b), may in the discretion of the Court, on motion, be permitted to appear and participate in a particular case;"

and the Court also noting that federal courts have significant discretion in granting pro hac vice admissions, and typically grants them if the application complies with the rule and the applicant is in good standing, *see Kohlmayer v. National R.R. Passenger Corp.*, 124 F.Supp.2d 877, 880-81 (D.N.J. 2000);

and the Court further noting that "in practice, so long as an attorney is in good standing and satisfies the rule's requirements, courts generally grant pro hac vice admission 'as a matter of course,'" *Whiteside v. Empire Plaza, LLC*, 2014 WL 5437074 *2 (D.N.J. Oct. 24, 2014) (citing Lite, N.J. Federal Practice Rules, Comment 4 to L. Civ. R. 101.1 (Gann));

and it appearing that pursuant to Local Civil Rule 103.1, an attorney admitted pro hac vice to the District of New Jersey is bound by the Rules of Professional Conduct;

and it appearing that RPC 3.7(a) provides, "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client;"

and the Court noting that Courts in this district have repeatedly held that RPC 3.7(a) is inapplicable during pre-trial litigation, *see*, *e.g.*, *Grange Consulting Grp. v. Bergstein*, No. 13-cv-6768 (PGS)(LHG), 2014 WL 12619808, at \*2 (D.N.J. June 24, 2014) ( "At this early stage in the proceeding it would be premature for the Court to determine whether [the attorney seeking pro hac vice admission] is necessary for trial . . . . The Court therefore rejects Plaintiffs' request to deny [the attorney's] admission pro hac vice based on RPC 3.7."); *United States v. Boston Sci. Neuromodulation Corp.*, No. 11-cv-1210 (SDW)(MCA), 2013 WL 2404816, at \*7 (D.N.J. May 31, 2013) (RPC 3.7(a) is inapplicable in pre-trial litigation); *FMC Corp. v. Guthery*, No. 07-cv-5409 (JAP)(TJB), 2009 U.S. Dist. LEXIS 14609, at \*23-24 (D.N.J. Feb. 24, 2009) ("Because . . . RPC 3.7 only prevents DiGiovanni from advocating as an attorney at the trial of this matter, the Court shall permit DiGiovanni to continue to represent FMC in this case.").; *Main Events Productions, LLC v. Lacy*, 220 F. Supp. 2d 353, 356-57 (D.N.J. 2002) (RPC 3.7(a) only prohibits an attorney who will be a witness from advocating at trial);

and the Court finding that at this early stage of the litigation where discovery in three of these cases has not yet begun, it is too early for this Court to determine that any of these attorneys will be a necessary witness at trial;

and the Court further finding, that even if the Court could determine now that one these five attorneys is likely to be necessary fact witness at trial, such a finding would prevent only that attorney from acting as an advocate at the trial only, would not necessarily bar representation in the pretrial litigation;[5]

---

[5] Any counsel submitting a motion to disqualify in the future shall include supporting legal authorities.  For example, if Defendants intend to move to disqualify an entire law firm from representing Plaintiffs at trial based on an attorney's prior association with that firm, Defendants must cite legal precedent supporting such a proposition, and explain with specific facts the basis for such an application.

and the Court finding that the papers filed in support of the pro hac vice motions reflect that counsel satisfy the requirements set forth in L. Civ. R. 101.1(c)(1);

and for good cause shown,

**IT IS ON THIS 5th day of February 2018,**

**ORDERED** that the motions for the pro hac vice admission of counsel  in *Tristar Products, Inc. v. National Express, Inc.*, Civ. No. 2:13-7752-ES-MAH, D.E. 155, 156, 162, 163, 164; *Telebrands Corp. v. Ragner Technology Corp.*, Civ. No. 2:15-3163–ES-MAH, D.E. 53, 54, 58, 59, 60; *Ragner Technology Corp.* v. *Telebrands Corp.,* Civ. No. 2:15-8185-ES-MAH, D.E. 66, 67, 71, 72, 73; *Telebrands Corp. v. Ragner Technology Corp. et al.*, Civ. No. 2:16-3474-ES-MAH, D.E. 33, 34, 38, 39, 40; *Telebrands Corp. v. Ragner Technology Corp. et al.*, Civ. No. 2:16-3594-ES-MAH, D.E. 43, 44, 48, 49, 50 are **GRANTED**; and it is further

**ORDERED** that counsel shall abide by all rules of this Court, including all disciplinary rules, and shall notify the Court immediately of any matter affecting any counsel's standing at the bar of any court; and it is further

**ORDERED** that counsel are deemed to consent to the appointment of the Clerk of the Court as the agent upon whom service of process may be made for all actions against counsel that may arise from counsel's participation in this matter; and it is further

**ORDERED** that the movant shall (a) be attorney of record in this case in accordance with L. Civ. R. 101.1(c); (b) be served all papers in this action and such service shall be deemed sufficient service upon counsel; (c) sign (or arrange for a member of the firm admitted to practice in New Jersey to sign) all pleadings, briefs, and other papers submitted to this Court; (d) appear at all proceedings; and (e) be responsible for the conduct of the cause and counsel in this matter; and it is further

**ORDERED** that counsel shall make payments to the New Jersey Lawyer's Fund for Client Protection, pursuant to N.J. Court Rule 1:28-2, for each year in which counsel represents the client in this matter; and it is further

**ORDERED** that counsel shall pay $150.00 to the Clerk of the United States District Court for the District of New Jersey for admission pro hac vice in accordance with L. Civ. R. 101.1(c)(3); and it is further

**ORDERED** that all terms of the Orders entered in this case, including all deadlines set forth therein, shall remain in full force and effect and no delay in discovery, motions, trial or any other proceeding shall occur because of the participation of counsel or their inability to be in attendance at proceedings.

s/Michael A. Hammer
**UNITED STATES MAGISTRATE JUDGE**